**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                                      )
                                            )
DONNIE RAY STOVALL,                         )    CASE NO. 08-75776-pwb
SANDRA DAWN STOVALL,                        )    CHAPTER 7
                                            )
          Debtors.                          )
_____        )
                                            )
TAMARA MILES OGIER AS CHAPTER               )
7 TRUSTEE,                                  )
                                            )
          Plaintiff,                        )
                                            )
v.                                          )    ADVERSARY PROCEEDING
                                            )    NO. _____
BANK OF AMERICA CORPORATION,                )
                                            )
BANK OF AMERICA HOME LOANS,                 )
f/k/a COUNTRYWIDE HOME LOANS,               )
                                            )
BANK OF NORTH GEORGIA,                      )
                                            )
BANK OF NORTH GEORGIA                       )
MORTGAGE, A DIVISION OF                     )
BANK OF NORTH GEORGIA,                      )
                                            )
BRITTS HOME FURNISHINGS, INC.,              )
                                            )
CABINETS AND COUNTERTOPS, INC.,             )
                                            )
CITIBANK (South Dakota), N.A.,              )
                                            )
HOME LOAN CENTER, INC. d/b/a                )
LENDINGTREE LOANS,                          )
                                            )
MAGBEE BROTHERS LUMBER                      )
AND SUPPLY COMPANY, INC.,                   )
d/b/a MAGBEE CONTRACTORS SUPPLY, )
                                            )
MORTGAGE ELECTRONIC                         )
REGISTRATION SYSTEMS, INC.,                 )
                                            )

STATE OF GEORGIA, DEPARTMENT          )
OF REVENUE,                          )
                                     )
DONNIE RAY STOVALL,                  )
                                     )
SANDRA DAWN STOVALL,                 )
                                     )
THOMAS CONCRETE                      )
OF GEORGIA, INC.,                    )
                                     )
WELLS FARGO BANK N.A.,               )
                                     )
       Defendants.                   )

## COMPLAINT

Tamara Miles Ogier as Chapter 7 Trustee files this Complaint to avoid certain

liens and/or encumbrances and to determine the validity, priority and extent of liens as

follows:

## Jurisdiction, etc.

1.

Plaintiff, Tamara Miles Ogier as Trustee ("Trustee") is the duly qualified

Trustee in the above-captioned bankruptcy proceeding.

2.

Defendant Bank of America Corporation ("Bank of America") is subject to the

jurisdiction and venue of this Court and may be served pursuant to Fed. R. Bankr. P.

7004.

3.

Defendant Bank of America Home Loans, f/k/a Countrywide Home Loans

("Bank of America Home Loans") is subject to the jurisdiction and venue of this Court

and may be served pursuant to Fed. R. Bankr. P. 7004.

4.

Defendant Bank of North Georgia Mortgage, a Division of Bank of North Georgia ("North Georgia Mortgage") is subject to the jurisdiction and venue of this Court and may be served pursuant to Fed. R. Bankr. P. 7004.

5.

Defendant Bank of North Georgia ("Bank of North Georgia") is subject to the jurisdiction and venue of this Court and may be served pursuant to Fed. R. Bankr. P. 7004.

6.

Defendant Britts Home Furnishings, Inc., is subject to the jurisdiction and venue of this court and may be served care of its registered agent John M. Miles at 3725 Lawrenceville-Suwanee Road, Suite B-4, Suwanee, GA 30024.

7.

Defendant Cabinets and Countertops, Inc. is subject to the jurisdiction and venue of this Court and may be served care of its registered agent David A. Bernard at 1421 Parker Road, Conyers, GA 30094.

8.

Defendant Citibank, N.A. (South Dakota) is subject to the jurisdiction and venue of this Court and may be served pursuant to Fed. R. Bankr. P. 7004.

9.

Defendant Home Loan Center, Inc. d/b/a LendingTree Loans ("Home Loan Center") is subject to the jurisdiction and venue of this Court and may be served care of its

registered agent, National Registered Agents, Inc. at 3675 Crestwood Parkway, Suite 350,

Duluth, GA 30096.

10.

Defendant Magbee Brothers Lumber and Supply Company,  Inc., ("Magbee

Brothers")  is subject to the jurisdiction and venue of this Court and may be served care of

its registered agent, Roger G. Magbee at 1065 Bankhead Highway, Winder, GA 30680.

11.

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is subject

to the jurisdiction and venue of this Court and may be served care of Mr. R. K. Arnold its

President and C.E.O. at 1818 Library Street, Suite 300, Reston, VA 20190.

12.

Defendant, the State of Georgia, Department of Revenue ("DOR"), is subject

to the jurisdiction and venue of this Court and may be served pursuant to Fed. R. Bankr.

P. 7004.

13.

Defendant Donny Ray Stovall is subject to the jurisdiction and venue of this

Court and may be served pursuant to Fed. R. Bankr. P. 7004.

14.

Defendant Sandra Dawn Stovall is subject to the jurisdiction and venue of this

Court and may be served pursuant to Fed. R. Bankr. P. 7004.

15.

Defendant Thomas Concrete of Georgia, Inc. ("Thomas Concrete") is subject to the jurisdiction and venue of this Court and may be served care of its registered agent, Johnny Senter at 2500 Cumberland Parkway, Suite 200, Atlanta, GA 30339

16.

Defendant, Wells Fargo Bank N.A. ("Wells Fargo") is subject to the jurisdiction sand venue of this Court and may be served care of its registered agent, Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

17.

This Adversary Proceeding arises out of and relates to the Chapter 7 Bankruptcy Case of Donnie Ray Stovall and Sandra Dawn Stovall, (the "Debtors"), Case No. 08-75776-pwb, on the docket of this Court.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Court may, therefore, issue appropriate orders or judgments in this core proceeding. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.  This Court may issue the relief sought pursuant to 11 U.S.C. §§ 547, 549, 550 and 551 and other applicable statutes and laws.

## **Background**

18.

The Debtors filed their voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) on August 15, 2009 (the "Petition Date").

5

19.

As of the Petition Date, the Debtors jointly held title to the residential real

property located at 4760 Highland Point Drive, Auburn, GA 30011 (the "Property").

20.

By virtue of filing their bankruptcy case the Property became property of the

Bankruptcy Estate, pursuant to 11 U.S.C. § 541.

21.

As a part of her administration of the Estate, the Trustee pursued the sale of the

Property for the benefit of creditors of the Estate.

22.

On July 15, 2009, the Trustee filed a Motion to Sell the Property ("Motion to

Sell").   In the Motion to Sell, the Trustee proposed that proceeds from the sale would be

used to pay the customary costs of sale and to payoff the first and second mortgagees,

with the second mortgagee accepting a less than the full payoff amount to release its lien

on the Property.

23.

On August 5, 2009, an Order was entered granting the Motion to Sell (the

"Sale Order").

24.

On August 10, 2009, the Property was sold to a third party for $501,000.00

("Sale Proceeds").  Pursuant to the Sale Order, the sale was free and clear of liens, with

any liens determined to be valid attaching to the Sale Proceeds.

25.

At the sale closing, only the ordinary and customary cost of sale and disbursements to Wells Fargo, Bank of America, DOR and Thomas Concrete were paid from the Sale Proceeds.  After said payments the remaining proceeds totaled approximately $72,266.60 (the "Remaining Proceeds").  The Remaining Proceeds are currently being held by the Trustee in an interest bearing account.

26.

The purpose of this Complaint is to determine whether or not certain liens remaining unpaid are avoidable by the Trustee pursuant to 11 U.S.C. §§ 547 and/or 549, and to further determine the validity, priority, and extent of liens or claims encumbering The Remaining Proceeds.

## COUNT I

**Wells Fargo, MERS and North Georgia Mortgage and Bank of North Georgia**

27.

Plaintiff repeats and re-alleges its allegations in Paragraphs 1-26 of this Complaint as if fully set forth herein.

28.

Upon information and belief, Wells Fargo was the servicer of a loan secured by the Property.  For said loan, the security interest is evidenced by a first priority security deed granted by the Debtors to MERS as nominee for North Georgia Mortgage (the "First Mortgage").  Said security deed was filed in the Gwinnett County, Georgia real estate records on or about May 26, 2004 in Book 38413 at Page 164.

7

29.

At the sale closing, payment in the approximate amount of $261,476.40 was paid to Wells Fargo from the Sale Proceeds.  This amount was payment in full to payoff the entire debt owed for the loan secured by the First Mortgage.  Therefore, neither Wells Fargo, MERS, North Georgia Mortgage nor Bank of North Georgia has any further claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.

**COUNT II**

**Bank of America, Bank of America Home Loans, MERS and Home Loan Center**

30.

Plaintiff repeats and re-alleges its allegations in Paragraphs 1-29 of this Complaint as if fully set forth herein.

31.

Upon information and belief Bank of America Home Loans is a division of Bank of America.

32.

Upon information and belief, Bank of America Home Loans was the servicer of a loan secured by the Property.  For said loan, the security interest is evidenced by a second priority security deed granted by the Debtors to MERS as nominee for Home Loan Center (the "Second Mortgage").  Said security deed was filed in the Gwinnett County, Georgia real estate records on or about April 11, 2005 in Book 42310 at Page 34.

33.

At the sale closing, payment in the approximate amount of $125,000.00 was paid to Bank of America Home Loans from the Sale Proceeds.  This amount was the agreed upon "short pay" amount to payoff the entire debt owed for the loan secured by the Second Mortgage and to release the lien and/or security interest on the Property evidenced in the Second Mortgage.  Therefore, neither Bank of America, Bank of America Home Loans, MERS nor Home Loan Center has any further claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.

### COUNT III

### DOR

34.

Plaintiff repeats and re-alleges its allegations in Paragraphs 1-33 of this Complaint as if fully set forth herein.

35.

At the sale closing, payment in the amount of approximately $436.36, was made to the DOR in full satisfaction of its lien evidenced by a State Tax Execution entered on January 22, 2008, on the General Execution Docket of Gwinnett County, Georgia at book 2262, page 57.  Therefore, DOR has no further claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.  A true and correct copy of the Tax Execution is attached hereto as Exhibit A.

## COUNT IV

## Thomas Concrete

### 36.

Plaintiff repeats and re-alleges its allegations in Paragraphs 1-35 of this Complaint as if fully set forth herein.

### 37.

At the sale closing, payment of $7,000.00, the agreed upon amount to satisfy the lien of Thomas Concrete, was made in satisfaction of its lien evidenced by a writ of Fieri Facias ("Fi Fa") entered on April 16, 2008 on the General Execution docket of Gwinnett County, Georgia at Book 2329, page 218.  Therefore, Thomas Concrete has no further claim to or lien upon the any of the Sale Proceeds including without limitation the Remaining Proceeds.  A true and correct copy of the Fi Fa of Thomas Concrete is attached hereto as Exhibit B.

## <u>COUNT V</u>

## Preferential Transfer
## Cabinets and Countertops, Inc.

### 38.

Plaintiff repeats and re-alleges its allegations in Paragraphs 1-37 of this Complaint as if fully set forth herein.

### 39.

On June 23, 2008, Cabinets and Countertops, Inc., ("C & C"), filed a Fi Fa in the amount of $42,507.45 on the General Execution Docket of Gwinnett County, Georgia at Book 2396, page 180 ( the "C & C Fi Fa").  A true and correct copy of the C & C Fi Fa is attached hereto and incorporated herein as Exhibit C.

10

40.

The creation of the lien resulting from the filing and/or recording of the C & C

Fi Fa constitutes the transfer of an interest of the Debtor in property ("The C&C

Transfer").

41.

The C &C Transfer was made to or for the benefit of a creditor, C & C.

42.

The C &C Transfer was for or on account of antecedent debt owed by the

Debtors before The C &C Transfer was made.

43.

The C &C Transfer was made while the Debtors were insolvent.

44.

The C &C Transfer was made within the ninety (90) day period prior to Petition

Date.

45.

The C &C Transfer enables the creditor, C &C, to receive more than such

creditor would receive under Chapter 7 of Title 11 of the Bankruptcy Code if The C & C

Transfer had not been made.

46.

Pursuant to 11 U.S.C. § 547, the Trustee is entitled an order and judgment

avoiding The C & C Transfer and preserving the same pursuant to 11 U.S.C. §

551.  Therefore, C & C has no claim to or lien upon any Sale Proceeds including

without limitation any of the Remaining Proceeds.

## COUNT VI

**Preferential Transfer
Britts Home Furnishings, Inc.**

47.

Plaintiff repeats and re-alleges its allegations in Paragraphs 1-46 of this

Complaint as if fully set forth herein.

48.

On August 7, 2008, Britts Home Furnishings, Inc. ("Britts") filed a Fi Fa in the

amount of $11,040.66 on the General Execution Docket of Gwinnett County, Georgia at

Book 2427, page 84 (the "Britts Fi Fa").  A true and correct copy of the Britts Fi Fa is

attached here to and incorporated herein as Exhibit D.

49.

The creation of the lien resulting from the filing and/or recording of the Britts Fi

Fa constitutes the transfer of an interest of the Debtor in property ("The Britts Transfer").

50.

The Britts Transfer was made to or for the benefit of a creditor, Britts.

51.

The Britts Transfer was for or on account of antecedent debt owed by the Debtors

before The Britts Transfer was made.

52.

The Britts Transfer was made while the Debtors were insolvent.

53.

The Britts Transfer was made within the ninety (90) day period prior to Petition

Date.

54.

The Britts Transfer enables the creditor, Britts, to receive more than such

creditor would receive under Chapter 7 of Title 11 of the Bankruptcy Code if The Britts

Transfer had not been made.

55.

Pursuant to 11 U.S.C. § 547, the Trustee is entitled to an order and judgment

avoiding The Britts Transfer and preserving the same pursuant to 11 U.S.C. § 551.

Therefore, Britts has no claim to or lien upon any Sale Proceeds including without

limitation any of the Remaining Proceeds.

## COUNT VII

### Unauthorized Post-Petition Transaction
### Citibank (South Dakota), N.A.

56.

Plaintiff repeats and re-alleges its allegations in Paragraphs 1- 55 of this

Complaint as if fully set forth herein.

57.

On September 10, 2008, after the Petition Date, Citibank (South Dakota), N.A.

("Citibank")  filed a Fi Fa in the amount of $14,602.22 on the General Execution Docket

of Gwinnett County, Georgia, at Book 2454, page 203 ("Citibank Fi Fa").  A true and

correct copy of Citibank's Fi Fa is attached hereto and incorporated herein as Exhibit E.

58.

The creation of the lien resulting from the filing and/or recording of the Citibank

Fi Fa constitutes the transfer of an interest in property of the Bankruptcy Estate ("The

Citibank Transfer").

59.

The Citibank Transfer occurred after the Petition Date.

60.

The Citibank Transfer was not authorized under Title 11 and was not authorized
by this Court.

61.

Pursuant to 11 U.S.C. § 549, the Trustee is entitled to an order and judgment
avoiding The Citibank Transfer and preserving the same pursuant to 11 U.S.C. § 551.
Therefore, Citibank has no claim to or lien upon any Sale Proceeds including without
limitation any of the Remaining Proceeds.

## COUNT VIII

### Avoidance of Lis Pendens
### Magbee Brothers

62.

Plaintiff repeats and re-alleges its allegations in Paragraphs 1- 61 of this
Complaint as if fully set forth herein.

63.

Magbee Brothers filed a Lis Pendens on the Gwinnett County, Georgia real
estate records on April 24, 2008 (the "Magbee Lis Pendens").  A true and correct copy of
the Magbee Lis Pendens is attached hereto and incorporated herein as Exhibit F.

64.

The Magbee Lis Pendens was improperly filed, as the Magbee Lis Pendens is
predicated upon an action or suit which seeks merely to recover a money judgment,
rather than the Property being directly involved in the pending lawsuit.  As a result, the

Trustee is entitled to an order and judgment that removes, avoids, and/or otherwise voids the Magbee Lis Pendens.  Therefore, Magbee Brothers has no claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.

<u>**COUNT IX**</u>

**Donnie Ray Stovall and Sandra Dawn Stovall**

65.

Plaintiff repeats and re-alleges its allegations in Paragraphs 1- 64 of this Complaint as if fully set forth herein.

66.

At the time of the sale closing, there was no equity in the Property, as the Sale Proceeds were insufficient to pay all liens on the Property in full.  As a result, the Debtors are not entitled to be paid from the Sale Proceeds for any exemption they have or could have taken in the Property.  Therefore, the Debtors have no claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

1.        Pursuant to Count I, enter and order and judgment declaring that neither Wells Fargo, MERS, North Georgia Mortgage nor Bank of North Georgia has any further claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.

2.        Pursuant to Count II, enter and order and judgment declaring neither Bank of America, Bank of America Home Loans, MERS nor Home Loan Center has any further claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.

15

3.        Pursuant to Count III, enter an order and judgment declaring that DOR has no further claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.

4.        Pursuant to Count IV, enter an order and judgment declaring that Thomas Concrete has no further claim to or lien upon the any of the Sale Proceeds including without limitation the Remaining Proceeds.

5.        Pursuant to Count V, enter and order and judgment avoiding The C & C Transfer pursuant to 11 U.S.C. § 547 and preserving the same pursuant to 11 U.S.C. § 551.

6.        Pursuant to Count V, enter an order and judgment declaring that C & C has no claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.

7.        Pursuant to Count VI, enter and order and judgment avoiding The Britts Transfer pursuant to 11 U.S.C. § 547 and preserving the same pursuant to 11 U.S.C. § 551.

8.        Pursuant to Count VI, enter an order and judgment declaring that Britts has no claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.

9.        Pursuant to Count VII, enter and order and judgment avoiding The Citibank Transfer pursuant to 11 U.S.C. § 549 and preserving the same pursuant to 11 U.S.C. § 551.

10.       Pursuant to Count VII, enter an order and judgment declaring that Citibank has no claim to or lien upon any Sale Proceeds including without limitation any of the

Remaining Proceeds.

11.       Pursuant to Count VIII, enter an order and judgment that removes, avoids, and/or otherwise voids the Magbee Lis Pendens.

12.       Pursuant to Count VIII, enter and order and judgment declaring that Magbee Brothers has no claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.

13.       Pursuant to Count IX, enter an order and judgment declaring that the Debtors have no claim to or lien upon any Sale Proceeds including without limitation any of the Remaining Proceeds.

14.       Such other and further relief as the Court deems just.

ELLENBERG, OGIER,
ROTHSCHILD & ROSENFELD, P.C.

By:_____/s/ *Allen Rosenfeld*_____
        Allen Rosenfeld
        Georgia Bar No. 614451

170 Mitchell Street
Atlanta, GA 30303
(404) 525-4000
apr@eorrlaw.com

Exhibit A

02262
00057

NORTH

**GED**

**GEORGIA DEPARTMENT OF REVENUE**

**STATE TAX EXECUTION**

BK 02262 PG 0057

| EXECUTION NUMBER | TOTAL (Includes 25.00 Costs) |
|---|---|
| REV 07162832 | $1,483.15 |

**GEORGIA, FULTON COUNTY**

To ALL and singular sheriffs of this state, the State Revenue Commissioner or his authorized representatives, greeting:

**YOU ARE HEREBY COMMANDED,** that of the goods and chattels, or if none be found, then the lands and tenements of

**DON STOVALL**
XXX-XX-0343
**DAWN C. STOVALL**
XXX-XX-9456
**4760 HIGHLAND POINT DR**
**AUBURN, GA 30011-2277**

JOINTLY AND SEVERALLY

you cause to be made by levy and sale the sum of the dollars and cents hereinafter shown, said sum representing delinquent tax liabilities of the named taxpayer(s) assessed under the taxing Acts of this State and the Georgia Public Revenue code for the taxable period(s) indicated below together with interest on the total as shown below at the rate specified in Code Section 48-2-40 from the date of this execution until said total amount is paid, plus all collection fees and costs which have accrued and which may hereafter accrue.

You are further commanded to pay over to the Department of Revenue of the State of Georgia the aforesaid amounts upon collection thereof and to have you then and there this writ.

| TAX TYPE | PERIOD | TOTAL |
|---|---|---|
| INDV INCOME | 01/01/05-12/31/05 | $1,483.15 |

Witness the undersigned State Revenue Commissioner of Georgia on this date of    DECEMBER 10, 2007.

TOM LAWLER, CLERK    08 JAN 22 AM 10: 59    FILED AND RECORDED CLERK SUPERIOR COURT GWINNETT COUNTY GA

Bart L. Graham.
State Revenue Commissioner

| | |
|---|---|
| Principal | $958.03 |
| Interest | 167.69 |
| Penalty | 289.51 |
| Collection Fee | 243.92 |
| Costs | 25.00 |
| Total | $1,483.15 |

The State Revenue Commissioner can find no property of the defendant on which to levy the within tax execution.

This ____ day of _____, _____.

_____
Authorized Representative of the State Revenue Commissioner

003080

Georgia, _____ County
Entered on General Execution Docket Book No. _____    Page No. _____    at _____    a.m.
                                                                                                                          p.m.

This ____ day of _____, _____.

_____
Clerk

02325
00218

## GED

BK02329PG0218

WRIT OF FIERI FACIAS
IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA

Exhibit B

CIVIL ACTION NUMBER:    07-C-10603-S6

JUDGMENT DATE:    October 24, 2007

Plaintiff's Attorney – Name, Address, & Telephone

Name:   WILLIAM L KIDD
Address:   3883 ROGERS BRIDGE RD
           BLDG 100
           DULUTH, GA  30097

Telephone & Area Code: (770) 476-2076

Fi. Fa. in Hands of:

FILED AND RECORDED
CLERK, SUPERIOR COURT
GWINNETT COUNTY, GA
2008 APR 16  AM 9: 25
TOM LAWLER, CLERK

THOMAS CONCRETE OF GEORGIA, INC.

Plaintiff(s)

VS.
REGENCY LAND CORPORATION,
DONALD STOVALL AND
DAWN STOVALL

Defendant(s)

To all and singular the sheriffs of the State and their lawful
deputies:

In the above styled case, and on the Judgment date set out, the
plaintiff(s) named above recovered against the defendant(s)
named above, judgment in the following sums:

| | |
|---|---|
| Principal | $5,887.14 |
| Interest | $1,039.85 |
| Interest-Other | $0.00 |
| Attorney's Fees | $1,039.85 |
| Court Cost | $153.00 |
| Total | $8,119.84 |

### CANCELLATION

The within and foregoing Fi. Fa. having been paid full the Clerk
of State Court is hereby directed to cancel it of record this the

_____ day of _____, _____.

Signature:_____

Title:_____

NOTE:

with future interest upon said principal amount from the date of
judgment at the legal rate.

Therefore, YOU ARE COMMANDED, that of the goods and
chattels, lands and tenements of said defendant(s), and
ESPECIALLY/ONLY of the following property, to wit:

YOU cause to be made the several sums set out in the foregoing recital of the judgment in this case and have the said sums of money
before the State Court of this County at the next term of court, with this Writ to render to said plaintiff(s) the principal, interest,
attorney fee and costs aforesaid.

Witness the Honorable John Doran, Judge of Said Court, this the 15th day of April, 2008.
ST-5 Rev. 85

022037

TOM LAWLER, CLERK

BY:_____
                                    Deputy Clerk

Entered on General Execution Docket_____, at Page_____,
this the _____ day of _____, _____.

02396
00180

Exhibit C

## GED

BK 02396 PG 0180

### WRIT OF FIERI FACIAS
### IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA

**CIVIL ACTION NUMBER:**     07-C-13419-S2

**JUDGMENT DATE:**     March 6, 2008

Plaintiff's Attorney - Name, Address, & Telephone

Name:     ELIZABETH J POPE
Address:    P.O. BOX 30
            COVINGTON, GA 30015-0030

Telephone & Area Code: (770) 786-1095

Fi. Fa. in Hands of:

FILED AND RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA
08 JUN 23 AM 10: 42
TOM LAWLER, CLERK

CABINETS & COUNTERTOPS, INC.

Plaintiff(s)

VS.

REGENCY LAND CORPORATION
AND DON R. STOVALL

Defendant(s)

To all and singular the sheriffs of the State and their lawful
deputies:

In the above styled case, and on the Judgment date set out, the
plaintiff(s) named above recovered against the defendant(s)
named above, judgment in the following sums:

| | |
|---|---|
| Principal | $34,637.97 |
| Interest | $4,069.80 |
| Interest-Other | $0.00 |
| Attorney's Fees | $3,669.68 |
| Court Cost | $130.00 |
| Total | $42,507.45 |

### CANCELLATION

The within and foregoing Fi. Fa. having been paid full the Clerk
of State Court is hereby directed to cancel it of record this the

_____ day of _____, _____.

Signature:_____

Title:_____

NOTE:

with future interest upon said principal amount from the date of
judgment at the legal rate.

Therefore, YOU ARE COMMANDED, that of the goods and
chattels, lands and tenements of said defendant(s), and
ESPECIALLY/ONLY of the following property, to wit:

YOU cause to be made the several sums set out in the foregoing recital of the judgment in this case and have the said sums of money
before the State Court of this County at the next term of court, with this Writ to render to said plaintiff(s) the principal, interest,
attorney fee and costs aforesaid.

Witness the Honorable Randy Rich, Judge of Said Court, this the 21st day of June, 2008.

ST-S Rev. 85

040854

TOM LAWLER, CLERK

BY: _____
                  Deputy Clerk

Entered on General Execution Docket_____, at Page_____,
this the _____ day of _____, _____.

02427
00084      **GED**

Exhibit D

BK 0 2 4 2 7 PG 0 0 8 4

## WRIT OF FIERI FACIAS
## IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA

**CIVIL ACTION NUMBER:**    08-C-02254-S5

**JUDGMENT DATE:**    July 31, 2008

Plaintiff's Attorney – Name, Address, & Telephone

Name:    CHARLES T DAY III
Address:    1790 ATKINSON RD
SUITE F
LAWRENCEVILLE, GA 30043

Telephone & Area Code: (678) 990-9676

Fi. Fa. in Hands of:

FILED AND RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA
08 AUG -7 PM 1: 14
TOM LAWLER, CLERK

BRITT'S HOME FURNISHINGS, INC.

Plaintiff(s)

VS.

DON STOVALL D/B/A
REGENCY LAND DEVELOPMENT

Defendant(s)

To all and singular the sheriffs of the State and their lawful deputies:

In the above styled case, and on the Judgment date set out, the plaintiff(s) named above recovered against the defendant(s) named above, judgment in the following sums:

| | |
|---|---|
| Principal | $8,404.74 |
| Interest | $2,467.92 |
| Interest-Other | $0.00 |
| Attorney's Fees | $0.00 |
| Court Cost | $168.00 |
| Total | $11,040.66 |

### CANCELLATION

The within and foregoing Fi. Fa. having been paid full the Clerk of State Court is hereby directed to cancel it of record this the

_____ day of _____, _____.

Signature:_____

Title:_____

NOTE:

with future interest upon said principal amount from the date of judgment at the legal rate.

Therefore, YOU ARE COMMANDED, that of the goods and chattels, lands and tenements of said defendant(s), and ESPECIALLY/ONLY of the following property, to wit:

YOU cause to be made the several sums set out in the foregoing recital of the judgment in this case and have the said sums of money before the State Court of this County at the next term of court, with this Writ to render to said plaintiff(s) the principal, interest, attorney fee and costs aforesaid.

Witness the Honorable Pamela D. South, Judge of Said Court, this the 6th day of August, 2008.
ST-5 Rev. 85

TOM LAWLER, CLERK
BY:_____
Deputy Clerk

**049324**

Entered on General Execution Docket_____, at Page_____.
this the _____ day of _____, _____.

00203

**GED**

BK02454PG0203

Exhibit E

## WRIT OF FIERI FACIAS
## IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA

**CIVIL ACTION NUMBER:**    08-C-09245-S3

**JUDGMENT DATE:**    August 22, 2008

Plaintiff's Attorney - Name, Address, & Telephone

Name:    KEITH D TAYLOR
Address:   2727 PACES FERRY RD
           SUITE 1400
           ATLANTA, GA 30339

Telephone & Area Code: (678) 801-2352

Fi. Fa. In Hands of:

FILED AND RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA
08 SEP 10 PM 4: 29
TOM LAWLER, CLERK

CITIBANK (SOUTH DAKOTA), NA

                                              Plaintiff(s)

                         VS.

DAWN S STOVALL

                                              Defendant(s)

To all and singular the sheriffs of the State and their lawful
deputies:

In the above styled case, and on the Judgment date set out, the
plaintiff(s) named above recovered against the defendant(s)
named above, judgment in the following sums:

| | |
|---|---|
| Principal | $14,494.22 |
| Interest | $0.00 |
| Interest-Other | $0.00 |
| Attorney's Fees | $0.00 |
| Court Cost | $108.00 |
| Total | $14,602.22 |

### CANCELLATION

The within and foregoing Fi. Fa. having been paid full the Clerk
of State Court is hereby directed to cancel it of record this the

_____ day of _____, _____.

Signature:_____

Title:_____

NOTE:

with future interest upon said principal amount from the date of
judgment at the legal rate.

Therefore, YOU ARE COMMANDED, that of the goods and
chattels, lands and tenements of said defendant(s), and
ESPECIALLY/ONLY of the following property, to wit:

YOU cause to be made the several sums set out in the foregoing recital of the judgment in this case and have the said sums of money
before the State Court of this County at the next term of court, with this Writ to render to said plaintiff(s) the principal, interest,
attorney fee and costs aforesaid.

Witness the Honorable Carla Brown, Judge of Said Court, this the 28th day of August, 2008.
ST-5 Rev. 85

                    TOM LAWLER, CLERK
                    BY: _____Paula Career_____
                                    Deputy Clerk

                    Entered on General Execution Docket_____, at Page_____,
                    this the _____ day of _____, _____.

## 056930

U2334
00180

Exhibit F

## GED

BK02334PG0180

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

MAGBEE BROTHERS LUMBER &
SUPPLY COMPANY, INC. d/b/a
MAGBEE CONTRACTORS SUPPLY,

       Plaintiffs,

vs.

DON R. STOVALL and DAWN STOVALL
d/b/a REGENCY LAND CORPORATION,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE NO.

TOM LAWLER, CLERK
2008 APR 24 PM 4: 06
FILED AND RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY GA

### NOTICE OF LIS PENDENS

RE:    Real Property owned by Don R. Stovall and Dawn Stovall located in Land Lot 8,
Block A, Gwinnett County, Georgia.

On the 11th day of April, 2008, MAGBEE BROTHERS LUMBER & SUPPLY

COMPANY, INC. d/b/a MAGBEE CONTRACTORS SUPPLY, as Plaintiff, filed Civil

Action No. 08-C-05918-4 against DON R. STOVALL and DAWN STOVALL d/b/a

REGENCY LAND CORPORATION, as Defendants, in the State Court of Gwinnett

County, Georgia. Relief in the amount of One Hundred Fifty-Three Thousand Three

Hundred Two and 26/100ths ($153,302.26) dollars is sought against the following

described property:

> ALL THAT TRACT OR PARCEL OF LAND Lying and being in GMD
> 1749, Gwinnett County, Georgia, Being Lot 8, Block A, The Vinings at
> Hamilton Mill, as per plat recorded in Plat Book 99, Page 29, Gwinnett
> County, Georgia Records, which plat and recording are hereby referred to
> and made a part of this legal description.

023331

WEBB, TANNER, POWELL, MERTZ & WILSON, LLP
OPERATING ACCOUNT
P.O. BOX 1390
LAWRENCEVILLE, GEORGIA 30046
(770) 963-3423

_51_

02554
00181

## GED

BK 0 2 3 3 4 PG 0 1 8 1

A copy of the Complaint filed in the Gwinnett County State Court is attached hereto as

Exhibit A.

This the 24th day of April, 2008

James E. Carlson
Georgia Bar No. 076201
Attorneys for Plaintiff

WEBB, TANNER,
POWELL, MERTZ & WILSON, LLP
P. O. Box 1390
Lawrenceville, GA 30046
(770) 962-0100

02354
00182

# Exhibit A

FULLED OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

BK 0 2 3 3 4 PG 0 1 8 2

GED

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

ZED MAR 11  PM 3:46

TOM LAWLER, CLERK

| | | |
|---|---|---|
| MAGBEE BROTHERS LUMBER & | ) | |
| SUPPLY COMPANY, INC. d/b/a | ) | CIVIL ACTION FILE NO. |
| MAGBEE CONTRACTORS SUPPLY, | ) | 08-C-05919 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DON R. STOVALL and DAWN STOVALL | ) | |
| d/b/a REGENCY LAND CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Magbee Brothers Lumber & Supply Company, Inc. d/b/a Magbee Contractors Supply ("hereinafter referred to as "Plaintiff") files this action against Defendants Don R. Stovall, Dawn Stovall, and Regency Land Corporation, (hereinafter collectively referred to as "Defendants") and respectfully shows the Court the following:

1.

Defendant Don R. Stovall can be served by delivering a copy of the Summons and Complaint at 4760 Highland Point Drive, Auburn, Georgia, 30011.

2.

Defendant Dawn Stovall can be served by delivering a copy of the Summons and Complaint at 4760 Highland Point Drive, Auburn, Georgia, 30011.

3.

Defendant Regency Land Corporation can be served by delivering to its registered agent, Don R. Stovall, a copy of the Summons and Complaint at 4760 Highland Point Drive, Auburn, Georgia, 30011.

02334
00183

**GED**

BK 0 2 3 3 4 PG 0 1 8 3

4.

Defendants held an account with Plaintiff.

5.

Defendants personally guaranteed payment of the account with Plaintiff as referenced in the Credit Application and Guaranty of Debt attached hereto and incorporated herein as Exhibit "A."

6.

Demand for payment has been made upon Defendants, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference. Defendants have failed or refused to make payment to the Plaintiff for the amount due on said account and is therefore indebted to the Plaintiff.

### COUNT I – CLAIM ON ACCOUNT

7.

Paragraphs 1 through 6 are incorporated herein by reference as if fully set forth herein.

8.

Defendants contracted with Plaintiff for the purchase of certain building supplies and lumber for lots owned by Defendants in The Estates at Ivy Brook. The building supplies and lumber were delivered to Defendants from a time period beginning on or about April 25, 2006, and Defendants continued to order materials from Plaintiff through and including October 19, 2007, as shown on Plaintiff's Aged Analysis Report, attached hereto and incorporated herein as Exhibit "C."

JUN. 30, 2009 12:21PM    SENT FROM GWINNETT RECORDS ROOM

U2354
00184

## GED

BK 0 2 3 3 4 PG 0 1 8 4

9.

Defendants owe a principal balance of $153,302.26, plus interest accruing at one and one half percent (1 ½ %) on the account with Plaintiff. Additional interest accrues on the principal balance at the rate of one and one half percent (1 ½ %) per month per the account agreement.

10.

Under the account agreement between Plaintiff and Defendants, Defendants agreed to pay Plaintiff fifteen percent (15%) of the total as attorney's fees if collected by an attorney. Plaintiff gives notice to Defendants that the provisions relative to payment of attorney's fees in addition to principal and interest shall be enforced and that Defendants have ten (10) days from the receipt of service of this Summons and Complaint to pay the principal and interest without the attorney's fees. If the principal and interest are paid in full before the expiration of such time, the attorney's fees will not be claimed. Otherwise, Plaintiff shall claim attorney's fees.

## COUNT II – CLAIM ON PERSONAL GUARANTY

11.

Paragraphs 1 through 10 are incorporated herein by reference as if fully set forth herein.

12.

Defendants owe a principal balance of $153,302.26, plus additional interest accruing at the rate of one and one half percent (1 ½%) per month and attorney's fees by virtue of the personal guaranty executed by Don R. Stovall.

Page 3 of 5

02334
00185

# GED

BK 0 2 3 3 4 PG 0 1 8 5

## COUNT III – CLAIM ON BREACH OF CONTRACT

**13.**

Paragraphs 1 through 12 are incorporated herein by reference as if fully set forth herein.

**14.**

Defendants are the owners of improved real property in Barrow County, Georgia more particularly described as lots in The Estates at Ivy Brook.

**15.**

A contract existed between Plaintiff and Defendants to provide materials for improvements to lots located in The Estates at Ivy Brook. Plaintiff fully performed its contract with Defendants to furnish materials for the improvements to several lots.

**16.**

Defendants breached their contract with Plaintiff and have failed to pay for all of the materials supplied by Plaintiff for the improvements to said lots.

**WHEREFORE,** Plaintiff prays to this Court for the following:

(a)   That Plaintiff have judgment against Defendants, jointly and severally, in the principal sum of $153,302.26;

(b)   That Plaintiff have a judgment against Defendants for all reasonable attorney's fees or 15% of the principal due as attorney's fees; and the expenses of litigation; and

(c)   For such other relief as the Court deems just and proper.

02334
00186

# GED

BK02334PG0186

Respectfully submitted this ___/16___ of April, 2008.

James E. Carlson
Georgia Bar No. 076201

Attorneys for Plaintiff

WEBB, TANNER,
POWELL, MERTZ & WILSON, LLP
P. O. Box 1390
Lawrenceville, GA 30046
(770) 962-0100

Page 5 of 5